UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PIERRE C. MARC,

    Movant,

v.                                                    CASE NO. 8:22-cv-2277-WFJ-AAS
                                                   CRIM. CASE NO. 8:21-cr-71-WFJ-AAS

UNITED STATES OF AMERICA,

    Respondent.

_____/

## ORDER

Before the Court are Mr. Marc's "Emergency Motion to Correct Judge's Mistake, Oversight or Omission Pursuant to Fed.R.Civ.P. 60(b)(1)" (cv Doc. 4), "Emergency Order to Correct Erroneous Order (Doc. 3) Pursuant [sic] Fed.R.Civ.P. 59(e) with Attached Motion to Withdraw Misconstrued 28 U.S.C. 2255" (cv Doc. 5), and "Motion to Withdraw Misconstrued 28 U.S.C. 2255" (cv Doc. 6). He moves the Court to: 1) correct the scrivener's error in its October 6, 2022 order (see cv Doc. 3) identifying the motion he filed in his criminal case on July 27, 2022 (see cr Doc. 133), as filed under Rule 60(b)(3), Fed.R.Civ.P., rather than Rule 60(d)(3), Fed.R.Civ.P.; 2) voluntarily dismiss this action under 28 U.S.C. § 2255; and 3) issue a ruling on his motion (cr Doc. 133) in his criminal case under Rule 60(d)(3), Fed.R.Civ.P.

1

BACKGROUND

Under a plea agreement, Mr. Marc pleaded guilty to conspiracy to distribute narcotics and possession of a firearm in furtherance of a drug trafficking crime (cr Docs. 77, 80, 82). On February 22, 2022, he was sentenced to 120 months in prison followed by five years on supervised release (cr Docs. 91, 92). His appeal was dismissed on May 3, 2022 (cr Doc. 121).

On July 27, 2022, Mr. Marc filed a Motion to Set Aside Judgment for Fraud Upon the Court Pursuant to Fed.R.Civ.P. 60(d)(3), With Attached Affidavit Under Penalty of Perjury (cr Doc. 133) in which he moved the Court to vacate his convictions because his attorney allegedly signed the plea agreement and entered the guilty plea without his knowledge. And on August 17, 2022, Mr. Marc moved for Summary Judgment on his Rule 60(d) motion (cr Doc. 138).

On October 3, 2022, the Court construed the relief sought in the motions as falling under 28 U.S.C. § 2255 and directed the clerk to open a separate civil case and place copies of the motions in the new civil case (cr Doc. 145). The clerk, however, opened two civil cases, placing the Rule 60(d) motion in Case No. 8:22-cv-2277-WFJ-AAS, and the motion for summary judgment in Case No. 8:22-cv-2278-WFJ-AAS. Because both motions belonged in a single civil case, the Court closed Case No. 8:22-cv-2278-WFJ-AAS and directed the Clerk to file the motion for summary judgment in Case No. 8:22-cv-2277-WFJ-AAS. See Case No. 8:22-cv-2278-WFJ-AAS, Doc. 2.

On October 12, 2022, the Court issued an Order advising Mr. Marc, under *Castro v. United States*, 540 U.S. 375 (2003), that it intended to construe his motions as

2

filed under 28 U.S.C. § 2255 (cv Doc. 3). The Court also warned Mr. Marc that recharacterization would subject any subsequent § 2255 motion to restrictions and gave him the opportunity to withdraw or amend the motion (Id.).

ANALYSIS

In his motions Mr. Marc indicates he does not wish to proceed under § 2255. Rather, he wishes to "challenge his 'Fraudulent conviction' directly thru [sic] his 'Criminal Case' pursuant to fraud upon the court, Fed.R.Civ.P. 60(d)(3)" (cv Doc. 5, p. 1). And he "moves to withdraw" this case (cv Docs. 5, 6). Therefore, Mr. Marc's motions (cv Docs. 4, 5, 6) will be treated, collectively, as a motion for voluntary dismissal of the § 2255 action, and the Court will address by separate order Mr. Marc's motion in his criminal case (cr Doc. 133) as filed under Rule 60(d)(3), Fed.R.Civ.P.

Accordingly:

1. Mr. Marc's motions (cv Docs. 4, 5, 6) are **GRANTED** solely to the extent that his motion to voluntarily dismiss this 28 U.S.C. § 2255 action is granted. The motions are otherwise **DENIED**.

2. The Court will address by separate order the motions (cr Docs. 133, 138) filed in his criminal case, Case No. 8:21-cr-71-WFJ-AAS.

3. The motion for summary judgment (cv Doc. 2) is **DENIED** without prejudice to the Court ruling on the motion (see cr Doc. 138) in Mr. Marc's criminal case.

4. This action is **DISMISSED** without prejudice.[1] The Clerk must close the case.

**ORDERED** in Tampa, Florida on October 25, 2022.

WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

SA: sfc
Copy to:
Pierre C. Marc, *pro se*

---

1 *See Zamor v. United States*, 827 F. App'x 939, 945 (11th Cir. 2020) (after district court gave *Castro* warnings and defendant notified the court that he did not wish to proceed under § 2255, the court reasonably interpreted the notice as a motion for voluntary dismissal and did not abuse its discretion in dismissing the case without prejudice).